**BOND STORES, INCORPORATED, v. BOND STORES, INC.**

**BOND STORES, INC., v. BOND STORES, INCORPORATED.**

**Nos. 6966, 6967.**

Circuit Court of Appeals, Third Circuit.

May 3, 1939.

Charles F. Lynch, of Paterson, N. J., and Albert J. Clark, of New York City, for plaintiff.

Harry Silverstein, of Millburn, N. J., for defendant.

Before BIGGS and MARIS, Circuit Judges, and DICKINSON, District Judge.

## DICKINSON, District Judge.

The Appeal and Cross-Appeal may be discussed as one. The Trial Court disposed of the case as one of unfair competition. There is in the Bill a complaint of trade-mark infringement, but there is nothing in the evidence to support it. It thus dropped out of the case and the Trial Judge ignored it. It is not a little difficult to understand a complaint of *unfair* competition where there is *no* competition.

The plaintiff is in the business of manufacturing and selling clothing apparel. The defendant sells nothing but is engaged in the business of cleaning and repairing clothing. The real complaint of the plaintiff is that the defendant does business under a corporate name, which is so similar to that of the plaintiff's in appearance, as to work confusion, and instances of it were put in evidence. Some confusion might easily occur and customers of the defendant, misled by the similarity in appearance name, might suppose they were dealing with the plaintiff. This may be a cause of annoyance to the plaintiff.

■ It has been settled for us in a long line of decisions, including the Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039, and Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972, cases that a manufacturer or tradesman who has given to his product a trade name, by which the product is known, and has acquired for it and for himself a reputation for excellence, has thereby acquired a sort of proprietary interest in the name which being his property, cannot be appropriated by others.

■ Another manufacturer or tradesman who dealt in the same type of product and sought to market it under the name which had become associated with the product of the first manufacturer, would clearly be guilty of unfair competition and could be enjoined from the use of the name thus belonging to the product of the other. The like protection has however been given against the use of the name in the sale of products which are not competitive. This is on the ground that such practices are both the filching of a good name and obtaining an unearned benefit. The Trial Judge followed and applied the doctrine of these cases.

There is some discordance in the adjudged cases on the question of whether the adoption of the name of a corporation, which is the same or deceptively similar to that of another, may be enjoined. The States which confer the name, have taken every reasonable precaution against the same or a like name being conferred upon different corporations. This may easily happen however, when the names are bestowed under the laws of different States. The annoyance felt by those who do business under a corporate name when the same name is used by others, is very much akin to that of the patronymically proud, when a newly admitted citizen assumes their family name. The feeling of annoyance can be understood.

The charge of unfair competition however is based upon a tort and how wrong may be imputed to a corporation which has done nothing more than to accept a corporate name bestowed upon it in ignorance that another corporation in another State bore the same name, is not so clear. Innocence of intention to do a wrong however will not avert whatever damage is done through a confusion of names. The wrong, if any, is not in the similarity of names but in the use made of the name in producing confusion of identity of person. An effective remedy is a change of name or such use of it as that all danger of mistake in identity of person may be avoided.

The defendant was incorporated November 27th, 1935, under the laws of New Jersey, by the name of Bond Stores, Inc. The plaintiff as a consolidated company was incorporated March 17th, 1937, under the laws of Maryland, by the name of "Bond Stores, Incorporated", although laying claim to the use of the word "Bond" in its corporate name through such use by its predecessors in business since 1915. It was not licensed to do business in New Jersey until 1937, after the incorporation of the defendant.

■ The industry of counsel has brought to our attention a long list of corporations which have the word "Bond" in their corporate names. The list could doubtless be indefinitely lengthened. A wrong done to the plaintiff however cannot be condoned by like wrongs done by others.

The defendant met the charge of an unfair use of its name in a very conciliatory spirit. It expressed its willingness

126

to change its name, and as we understand, has changed it to that of "Bond Cleaners". The Trial Court, because of this, saw no need to incorporate this in its decree, but did add that "the defendant may use the word 'Bond' when coupled with a further description of its business, which further description shall be of at least one-half the size of the word 'Bond'".

It is this part of the decree to which the Cross-Appeal is directed. The plaintiff below by its Appeal complains of the refusal of the District Court "to restrain the defendant from the use of the corporate title Bond Stores, Inc."

 We see no merit in either complaint. The plaintiff below has no right to the decree for which it prays, and the regulation of the size of the type in which the defendant below shall make printed use of the new name it has adopted, is a reasonable one.

The Assignments of Error of the Appellant and Cross-Appellant are all overruled, and the decree entered by the District Court is affirmed, the Appellant and Cross-Appellant each to pay the costs on their respective Appeals.