**SEARS, ROEBUCK AND CO.,**
Appellant,

v.

Arthur L. JOHNSON and Marjorie Johnson, a Partnership Doing Business as All-State School of Driving.

No. 11352.

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 1954.

Decided Feb. 21, 1955.

Morris Wolf, Philadelphia, Pa. (Bernard Eskin, Franklin H. Spitzer, Jr., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., Burton Y. Weitzenfeld, Lederer, Livingston, Kahn & Adsit, Chicago, Ill., on the brief), for appellant.

Robert D. Abrahams, Philadelphia, Pa. (Abrahams & Loewenstein, Philadelphia, Pa., on the brief), for appellees.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

Plaintiff, Sears, Roebuck and Company, a New York corporation doing business in Pennsylvania, sought an injunction in the district court because of an alleged trade-name infringement by defendants, partners in a business formed and operated in the Philadelphia

area under the name of the All-State School of Driving. Plaintiff also asked for damages and a delivering up of all materials owned by defendants which bore the name All-State.

The district court, 121 F.Supp. 955, dismissed plaintiff's complaint on the ground that defendants' use of the name All-State was not likely to create confusion in the minds of the public as to the source of any services provided by defendants, and without a confusing similarity between the trade names there could be no infringement amounting to unfair competition.

Plaintiff contends on this appeal that the district court erred in disregarding substantial and uncontradicted evidence which clearly warranted the inference that defendants' use of the name All-State to identify their business is likely to cause confusion among the public with the already established name used by plaintiff.

■ In considering whether or not the district court erred in finding that no likelihood of confusion existed, this court is not bound (although defendants contend otherwise) by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.[1] In disturbing a district court's findings of basic facts, this court is guided by the "clearly erroneous" provision of Rule 52(a). But Rule 52(a) is not applicable where, as here, the dispute is not as to the basic facts, but as to what inference (i. e., ultimate fact) should reasonably be derived from the basic facts. This court, by examining the basic facts found by the district court, can determine, as advantageously as the district court can, whether or not an inference of likelihood of confusion is warranted.[2] Orvis v. Higgins, 2 Cir., 180 F.2d 537, certiorari denied, 1950, 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595; In re Kellett Aircraft Corp., 3 Cir., 1950, 186 F.2d 197; LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 1946, 157 F.2d 115; Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 1941, 119 F.2d 704.

The following basic facts were found by the district court. Indeed, none of these facts were contradicted or disputed by defendants, who presented no evidence at the trial.

In 1926, plaintiff adopted "Allstate" as a trade name for automobile tires and tubes and has since extended this label to some 4,000 automobile accessories which it markets nationally. The articles sold by plaintiff under the registered trademark Allstate have attained throughout the United States a reputation for high quality and efficiency.

Millions of dollars have been spent in advertising these items through catalogues, sales books, newspapers, periodicals, store displays, circulars, and radio, and gross sales have been over a billion dollars. In the Philadelphia area alone, plaintiff marketed (exclusive of mail orders) over $17,000,000 worth of these items from 1946 through 1952, through its seven retail outlets. During that period about $48,000 a year was spent solely in local newspaper advertising.

In addition to the sale of automobile tires, accessories, parts and services in connection therewith, plaintiff, since 1931, through a wholly-owned sub-

1. "Rule 52. Findings by the Court. "(a) Effect. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *" F.R.C.P. Rule 52(a).

2. In Q-Tips, Inc., v. Johnson & Johnson, 3 Cir., 206 F.2d 144, 147, certiorari denied, 1953, 346 U.S. 867, 74 S.Ct. 106, 98 L.Ed. 377, this court indicated that the issue of confusing similarity is an issue of fact and, as such, it is "entitled to great respect" under Rule 52(a). The sentence which immediately followed read: "We think the evidence is not only sufficient to support the conclusion but that it is strong enough so that it does not need the protection of the 'clearly erroneous' clause of the rule mentioned." What we said, in effect, was that the evidence upon which the conclusion of confusing similarity rested was protected by Rule 52(a), but not that the conclusion itself was so protected.

sidiary, Allstate Insurance Company, has continuously engaged in the business of selling automobile insurance of all types, under the name Allstate. The Allstate Insurance Company has maintained an office in Philadelphia since 1943. In 1952 the premium volume of the Philadelphia office was over $5,000,000, of which 40 per cent was in the Philadelphia metropolitan area. The company has organized the Allstate Foundation for Driving Education, which makes grants to universities for research in driving improvement and driver training, and grants scholarships to colleges for high school teachers to be trained in the giving of driving instruction. Discounts from regular insurance rates are granted to high school students who pass certain approved driving courses. The discount program has been widely publicized in every high school in the country. In the Philadelphia area, the program has been publicized by radio, displays at county fairs, and by direct contact with schools and civic organizations.

A survey conducted in the Philadelphia area indicated that of all persons orally interviewed, 74 per cent thought that the All-State Driving School was owned and operated by Sears, Roebuck and Company.

The court also found that, by virtue of the extensive use of the name Allstate by plaintiff and its wholly-owned subsidiary in connection with the sale of automobile products and services, and the extensive advertising of the name by plaintiff and its wholly-owned subsidiary, the name Allstate has become identified in the public mind with plaintiff and has acquired a secondary meaning as identifying the products and services of plaintiff.[3]

Whether state or federal law is applicable to the present situation we need not decide, for there would be no difference here. Campbell Soup Co. v. Armour & Co., 3 Cir., 1949, 175 F.2d 795. Pennsylvania, in fact, looks to federal decisions and precedents for its law of tradename infringement. Goebel Brewing Co. v. Esslingers, Inc., 1953, 373 Pa. 334, 95 A.2d 523. The Restatement of the Law of Torts, Sec. 729 (1938), sets forth the generally accepted factors to be considered in determining whether a particular designation is confusingly similar to another's trade name:

"(a) the degree of similarity between the designation and the trademark or trade name in

"(i) appearance;

"(ii) pronounciation of the words used;

"(iii) verbal translation of the pictures or designs involved;

"(iv) suggestion;

"(b) the intent of the actor in adopting the designation;

"(c) the relation in use and manner of marketing between the goods or services marketed by the actor and those marketed by the other;

"(d) the degree of care likely to be exercised by purchasers."

In regard to the similarity of the names here involved, it need only be said that they are not just similar. They are practically identical. There is no difference in pronunciation, and the interpolation of a hyphen into the word Allstate will hardly distinguish the two names. Much less similarity between names has been found sufficient. Goebel Brewing Co. v. Esslingers, Inc., 1953, 373 Pa. 334, 95 A.2d 523 (Goebel and Goblet); Thomson-Porcelite Co. v. Har-

---

3. Plaintiff made a request that the court find "In the course of the past three years between 150 and 200 telephone calls have been received by Allstate Insurance Company by persons inquiring as to All-State School of Driving." There was uncontradicted testimony to sustain this proposed finding. The court said that this request was answered in its opin-

ion. The opinion does not explicitly affirm or deny this request, but does seem to indicate that the court accepted the testimony but did not think it warranted an inference of widespread public confusion. Even without this evidence, however, we think the other clearly found facts sufficient to sustain our decision.

ad, 1947, 356 Pa. 121, 51 A.2d 605 (Porcelite and Porcelene).

■ Defendants emphasize the point that plaintiff does not provide the same services they do, and therefore there could be no confusion. The fact that two parties market the same goods or services and are in direct competition with each other is important. But the absence of these factors is not conclusive. Restatement, Torts § 730 (1938); Bond Stores, Incorporated v. Bond Stores, Inc., 3 Cir., 1939, 104 F.2d 124; Duro Co. v. Duro Co., 3 Cir., 1928, 27 F.2d 339.

■■ When we consider that all the services of plaintiff rendered under the Allstate label relate to automobiles, as do defendants' services, that plaintiff, through its financial grants and insurance discounts, is closely associated with the field of driving instruction, and that the services of plaintiff and defendants have the same prospective common purchasers, we think there is sufficient probability that confusion will result in the public's mind. Nor do we think the types of services involved are such that the public is likely through its own due care to ascertain the different sources of the driving instruction and other automotive services. Although there is no direct evidence as to defendants' intent, this is only one of the factors to be considered, and it is not an indispensable requirement. Defendants remained silent as to their reasons for using the name All-State. They say they did so because it was unnecessary for them to produce evidence when plaintiff had not proved its case. But their silence was nonetheless at their own peril, for they and not plaintiff had the burden of producing evidence on the question of intent; especially is this so where, as here, the name which they selected was practically identical to the one plaintiff had been using for over twenty years. Goebel Brewing Co. v. Esslingers, Inc., 373 Pa. 334, 95 A.2d 523; Lambert Pharmacal Co. v. Bolton Chemical Corp., D.C.S.D.N.Y.1915, 219 F. 325, 326; 2 Wigmore, Evidence § 285 (3d ed., 1940).

We think that plaintiff has made out a very clear case of trade-name infringement.

The decree of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.