NATIONAL DRYER MANUFACTURING CORPORATION and National Dryer Sales Corporation, Appellants,

v.

The NATIONAL DRYING MACHINERY COMPANY.

NATIONAL DRYER MANUFACTURING CORPORATION and National Dryer Sales Corporation, Plaintiffs,

v.

The NATIONAL DRYING MACHINERY CO., Defendant-Appellant.

The NATIONAL DRYING MACHINERY COMPANY

v.

Jack ACKOFF, Individually and Trading as Jack Ackoff Company, Appellant.

Nos. 11639–11641.

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1955.

Filed Dec. 22, 1955.

James E. Gallagher, Jr., and Daniel Mungall, Jr., Philadelphia, Pa., for appellants National Dryer Mfg. Corp., Nat'l. Dryer Sales Corp., Jack Ackoff and Jack Ackoff Co.

Louis Necho, Philadelphia, Pa., for Nat'l. Drying Mach. Co.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

These three appeals arise out of two cases which were consolidated for trial

In No. 11,641, National Drying Machinery sued Jack Ackoff, individually and trading as Jack Ackoff Company, as distributor for National Dryer Manufacturing Corporation and National Dryer Sales Corporation. That suit was started on July 23, 1953. It charged Ackoff with unfair competition and trade-mark infringement in the use of the word "National" in connection with the sale of an electric hot air hand dryer. On March 12, 1954, the manufacturing corporation and the sales corporation sued the machinery company seeking a declaratory judgment that they were not violating any rights of the machinery company and an injunction against the latter from using the word "National" in the hand dryer field. The machinery company in its answer and counterclaim asserted its right to the use of the word "National" on drying machines and asked for an injunction against the manufacturing and sales corporations including restraint from using the word "National" as a trade-mark for any type of drying machines.

In both cases Chief Judge Kirkpatrick decided that the machinery company is the sole owner of the trade-mark National as applied to drying machines. Ackoff in No. 11,641 and the manufacturing and sales corporations in No. 11,639 were held to have infringed the statutory and the common law rights of the machinery company. They were all perpetually enjoined from selling or in any way dealing with drying machines under the trademark National or any business name which includes the word National. In the second suit, originally the decree ordered the manufacturing and sales corporations to pay the machinery company all their profits from the sale of drying machines "[f]rom January 1950 to date." Later the trial court amended the decree by striking that language. It is from this action of the district court that the machinery company appeals in No. 11,640.

From our review of the record we are satisfied that it furnishes strong support for the decision of the district court as to the ownership of the trade-mark National by The National Drying Machinery Company and that Jack Ackoff, individually and trading as Jack Ackoff Company and National Dryer Manufacturing Corporation and National Dryer Sales Corporation infringed the statutory and common law rights of the machinery company.

■ With respect to the machinery company's claim for profits, the trial court is correct in its finding that there is no proof of any damages suffered by that concern and that the injunctions granted afford it complete relief. Under the equities of these cases the trial court's disallowance of an accounting of profits was proper. Champion Spark Plug Co. v. Sanders, 1947, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386. Cf. Mishawaka Rubber & Woolen Mfg. Co. v. Kresge Co., 1942, 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381. Century Distilling Co. v. Continental Distilling Co., 3 Cir., 1953, 205 F.2d 140, concerned a far different factual situation. It does not conflict with the above holding.

■ The denial of the motion on behalf of the machinery company for an allowance of counsel fees was well within the discretion of the trial court.

The decrees in these cases will be affirmed.