WILLIAMSON-DICKIE MANUFACTUR-
ING COMPANY, 509 West Vickery
Boulevard, Fort Worth 1, Texas,

v.

DAVIS MANUFACTURING COM-
PANY, 240 Market Street, Phil-
adelphia, Pennsylvania

and

Solomon Davis, Joseph R. Davis, David
Davis, All of 240 Market Street,
Philadelphia, Pennsylvania.

Civ. A. 15494.

United States District Court
E. D. Pennsylvania.
Feb. 11, 1957.

Paul & Paul, Philadelphia, Pa., Church & Church, William E. Schuyler, Jr., Washington, D. C. (Francis C. Browne and Andrew B. Beveridge, Washington, D. C., of counsel), for plaintiff.

Maxwell L. Davis, Zachary T. Wobensmith, 2nd, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is an action for trademark infringement brought by one manufacturer of boys' clothing against another. The plaintiff relies upon three trademark registrations, jurisdiction being grounded upon the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., and also upon common law trademark rights. The defendants deny infringement and trademark rights in the plaintiff and, in a counterclaim, ask dismissal as to one of the plaintiff's registrations, which has expired, and for a decree that the other two be cancelled as invalid and void. The expired registration is for the trademark "Dickie's Best", issued under the Trade-Mark Act of 1920 and expired January 5, 1948, by the provisions of Section 46(b) of the Trade-Mark Act of 1946. The other two trade-marks are "Dickie's" and "Dickie's WearNforced".

"Dickie's" is the only one of the trademarks as to which the Patent Office proceedings need be considered, since that is the one which, if any, the defendants infringe. The matter is of some importance because, if the registration was regular and valid, the certificate is prima facie evidence of the registrant's ownership of the mark and of the registrant's exclusive right to use the mark in commerce in connection with the goods specified in the certificate. 15 U.S.C.A. § 1057 (b).

The defendants' case for cancellation is that the trademark was not registerable because it was (a) merely descriptive or deceptively misdescriptive and (b) primarily merely a surname.

As to (a), I can only say I cannot believe that there is the least likelihood that anyone today would be led by the plaintiff's trademark to think that the plaintiff was manufacturing the false shirt bosoms, once popular under the name of "dickies".

As to (b), it will be noted that the plaintiff in its application for registration, in order to avoid the possibility that registration might be refused on the ground that "Dickie's" was primarily merely a surname, included in its original application a statement under oath that the trademark had been in substantially exclusive and continuous use for a period of five years, thus invoking the provisions of Section 2(f). The examiner evidently concluded that the word was not primarily merely a surname, advised the plaintiff that it was unnecessary to rely on Section 2(f), and directed it to file a new declaration with the claim of continuous use omitted. The defendants'