149 F.Supp. 852 (1957)
WILLIAMSON-DICKIE MANUFACTURING COMPANY, 509 West Vickery Boulevard, Fort Worth 1, Texas,
v.
DAVIS MANUFACTURING COMPANY, 240 Market Street, Philadelphia, Pennsylvania
and
Solomon Davis, Joseph R. Davis, David Davis, All of 240 Market Street, Philadelphia, Pennsylvania.
Civ. A. 15494.
United States District Court E. D. Pennsylvania.
February 11, 1957.
*853 Paul & Paul, Philadelphia, Pa., Church & Church, William E. Schuyler, Jr., Washington, D. C. (Francis C. Browne and Andrew B. Beveridge, Washington, D. C., of counsel), for plaintiff.
Maxwell L. Davis, Zachary T. Wobensmith, 2nd, Philadelphia, Pa., for defendant.
KIRKPATRICK, Chief Judge.
This is an action for trademark infringement brought by one manufacturer of boys' clothing against another. The plaintiff relies upon three trademark registrations, jurisdiction being grounded upon the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., and also upon common law trademark rights. The defendants deny infringement and trademark rights in the plaintiff and, in a counterclaim, ask dismissal as to one of the plaintiff's registrations, which has expired, and for a decree that the other two be cancelled as invalid and void. The expired registration is for the trademark "Dickie's Best", issued under the Trade-Mark Act of 1920 and expired January 5, 1948, by the provisions of Section 46(b) of the Trade-Mark Act of 1946. The other two trade-marks are "Dickie's" and "Dickie's WearNforced".
"Dickie's" is the only one of the trademarks as to which the Patent Office proceedings need be considered, since that is the one which, if any, the defendants infringe. The matter is of some importance because, if the registration was regular and valid, the certificate is prima facie evidence of the registrant's ownership of the mark and of the registrant's exclusive right to use the mark in commerce in connection with the goods specified in the certificate. 15 U.S.C.A. § 1057 (b).
The defendants' case for cancellation is that the trademark was not registerable because it was (a) merely descriptive or deceptively misdescriptive and (b) primarily merely a surname.
As to (a), I can only say I cannot believe that there is the least likelihood that anyone today would be led by the plaintiff's trademark to think that the plaintiff was manufacturing the false shirt bosoms, once popular under the name of "dickies".
As to (b), it will be noted that the plaintiff in its application for registration, in order to avoid the possibility that registration might be refused on the ground that "Dickie's" was primarily merely a surname, included in its original application a statement under oath that the trademark had been in substantially exclusive and continuous use for a period of five years, thus invoking the provisions of Section 2(f). The examiner evidently concluded that the word was not primarily merely a surname, advised the plaintiff that it was unnecessary to rely on Section 2(f), and directed it to file a new declaration with the claim of continuous use omitted. The defendants' *854 contention is that the issuance of the registration upon a declaration which omitted facts needful to bring Section 2(f) into play was beyond the authority of the Commissioner of Patents and, therefore, void and of no effect.
I think that the examiner was clearly right in deciding that resort to Section 2(f) was unnecessary. "Dickie" is, in ordinary usage, primarily a nickname or a diminutive of the given name "Richard" rather than a family name or surname although in this particular case there is a Dickie family involved. In construing Section 2(e) in Ex parte Rivera Watch Corp., 106 U.S.P.Q. 145, the Commissioner of Patents pointed out in a well reasoned opinion that the important question is whether or not "the purchasing public, upon seeing it on the goods, may not attribute surname significance to it". The use of "Dickie" as a diminutive of the given name "Richard" is so general that it seems to me quite safe to say that the public would not be likely to attribute surname significance to it particularly since it is a rather uncommon family name. The registration was regular and valid, and the Commissioner did not exceed his power in issuing it. The prayer of the counterclaim as to the trademark "Dickie's" is denied.
The trademark and name used by the defendants for the clothing manufactured by them is "Dickie Davis". It was selected because one of the individual defendants had a son named Richard Davis who was called Dickie. Thus the question of a defendant's right to use of his own name is not presented, as it might have been if the plaintiff were objecting to the defendants' use of the "Davis" part of their trademark. In any event, there is no reason to doubt that the defendants originally adopted the trademark without any intention of palming off their goods as those of the plaintiff.
The plaintiff did not produce any evidence of actual cases of confusion in the minds of buyers and others resulting from the similarity of the trademarks. However, that is unnecessary and it has been held many times that the Court can make a finding of confusing similarity from a comparison of the mark or names themselves in the setting in which they are used by the respective parties. I am of the opinion that the marks are confusingly similar and I so find.
In the nature of things, no general principles relating to this fact question of confusing similarity can very well be laid down. The marks that come before the courts from time to time are practically all different, and yet it would not be unhelpful to compare a few cases in which judgments have been based upon findings of the likelihood of confusion between the trademarks involved. For example, "Diana Deane" was held to infringe "Diana" (Bunte Bros. v. Standard Chocolates, Inc., D.C., 45 F.Supp. 478), "C. I. Davids" infringed "Davids" (Thaddeus Davids Co. v. Davids, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046), "Ernest Coty" infringed "Coty" (Coty, Inc., v. Parfums De Grande Luxe, 2 Cir., 298 F. 865, certiorari denied 266 U.S. 609, 45 S.Ct. 94, 69 L.Ed. 466), "Hunyadi Laszlo" and "Hunyadi Matyas" infringed "Hunyadi" (Saxlehner v. Eisner & Mendelson Company, 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60), and in the Third Circuit "Dixiana" and "Dixie Dew" infringed "Dixie Belle" and "Dixie Beau" (Century Distilling Co. v. Continental Distilling Co., 106 F.2d 486). In this court "New Holland" was held to infringe "Holland" (Holland Furnace Co. v. New Holland Machine Co., 24 F.2d 751).
There are, of course, some decisions which are not easy to reconcile with the foregoing. However, a great many of the cases cited by the defendants have to do with the effect upon the issue of confusing similarity of the fact that the alleged infringer is manufacturing or selling goods claimed not to be in actual competition with those of the trademark owner. In the present case, there need be little difficulty on that score. The plaintiff and the defendants are both manufacturing boys' clothing. True, the defendants confine their line almost entirely to what they designate "tailored" garments  a more expensive and better quality *855 of clothing than the play suits, work suits, dungarees, etc., which constitute the larger part of the plaintiff's line. However, there is some overlapping and, even if there were not, it was held in National Dryer Manufacturing Corp. v. National Drying Machinery Co., 3 Cir., 228 F.2d 349, that the trademark owner will be protected in a field so closely allied to his business that he may reasonably be expected to enter into it. If the use of a mark by a school for driving instruction infringes it as used by a seller of automobile parts or an insurance company (Sears, Roebuck & Co. v. Johnson, 3 Cir., 219 F.2d 590) or if hot air hand driers are close enough to large specially constructed driers for laundries and industrial plants (National Dryer Manufacturing Corp. v. National Drying Machinery Co., supra) or if gin competes with bourbon whiskey (Century Distilling Co. v. Continental Distilling Co., supra), certainly the manufacturer of one kind of boys' clothing cannot escape a charge of infringement because the plaintiff is principally engaged in manufacturing another kind.
The plaintiff's case does not need support from what it contends amounts to an admission of confusing similarity of the marks by the defendants, in the course of proceedings in the Patent Office. I may say, however, that I do not agree that the defendants' failure to answer the plaintiff's opposition when they attempted to register their mark amounts to an admission in a suit against them for infringement that the marks are confusingly similar. At any rate, in reaching the conclusion stated above, I have not given any weight to it.
An order may be presented for a permanent injunction enjoining the defendants from using "Dickie" or any other colorable imitation of plaintiff's trademark "Dickie's" on or in connection with boys' clothing; and providing that the defendants account to plaintiff for that portion of the defendants' profit attributable to the infringing use of the trademark "Dickie Davis"; that the defendants' counterclaim for cancellation of the plaintiff's registrations be dismissed; that the defendants' counterclaim for declaratory judgment of invalidity and non-infringement of the plaintiff's trademark "Dickie's" be dismissed; and that the defendants pay costs of this action.
I have not included in the foregoing an order that the defendants pay the plaintiff's counsel fees. The Trade Mark Act of 1946 does not authorize such allowance, and it has been held that the enactment of that statute precludes resort to the patent statute, 35 U.S.C. § 285, or the copyright statute, 17 U.S.C. § 116. Whatever the inherent power of a court of equity, apart from statute, to award attorneys' fees as costs, there is no occasion in the present case to exercise such power. There is no evidence indicating bad faith or vexatious tactics on the part of the defendants. In fact, the defendants' attorneys are to be commended for entering into a stipulation relating to the extent of the plaintiff's business, advertising expenditures, etc., which saved the Court much time in the trial of the case.