**SURGICAL SUPPLY SERVICE, INC.,**
Appellee,

v.

**Sol H. ADLER, Individually and Trading as Adler Surgical Supply Company,**
Appellant.

**No. 14130.**

United States Court of Appeals
Third Circuit.

Argued Nov. 8, 1962.

Decided June 28, 1963.

Rehearing Denied Sept. 17, 1963.

Louis Necho, Philadelphia, Pa. (Sol H. Kitei, Philadelphia, Pa., on the brief), for appellant.

Charles Polis, Philip S. Polis, Philadelphia, Pa., for appellee.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

WILLIAM F. SMITH, Circuit Judge.

This is an action for copyright infringement and unfair competition. The jurisdiction of the District Court was invoked under section 1338 of Title 28 U.S.C. The court below properly held the copyright invalid but found the appellant guilty of unfair competition. The present appeal is from only that portion of the judgment which enjoins the appellant from continuing certain practices held to constitute unfair competition. The adjudication as to the invalidity of the copyright is not challenged.

The parties to this action are admittedly competitors engaged in the distribution and sale of pharmaceuticals, surgical supplies, and various other products employed in the practice of chiropody. The business of each of the parties is conducted principally by mail and directly with chiropodists. The present controversy arose out of the appellant's use of a trade circular allegedly similar to one used by the appellee and its predecessor since 1943 in the solicitation of business. The issues of the controversy must be decided under Pennsylvania law,[1] which is in accord with the federal law.[2]

The appellee's trade circular consists of a single sheet of paper and is essentially a combination price list and order form of the "check and return" type. The products offered for sale, identified by either their generic or trade names, are listed alphabetically under classified headings. The circular also contains, in appropriate position, references to the sizes and quantities of products available. Positioned in the vicinity of these references are boxes or squares into which the customer may place check marks, thereby indicating the size and quantity of each product desired. At the lower right hand corner of the face of the

1. Pecheur Lozenge Co. v. Nat. Candy Co., 315 U.S. 666, 62 S.Ct. 853, 86 L.Ed. 1103 (1942).

2. Goebel Brewing Co. v. Esslingers, Inc., 373 Pa. 334, 95 A.2d 523, 525, 526 (1953).

circular there are appropriate blanks for the insertion of the customer's name and address. The circular has been altered and modified from time to time; however, the basic characteristics of the form have been retained. The general format is similar to that employed in other commercial enterprises in the preparation of price lists, order forms, catalogues, and like material.

The appellant's trade circular, like that of the appellee's consists of a single sheet of paper and is essentially a combination price list and order form. It embodies several features similar to those embodied in the appellee's circular. Many of the products listed therein are the same as those listed in appellee's order form and, in some instances, are catalogued under identical classification headings. There are other features, such as the use of squares and boxes, which are similar. The general format of the appellant's circular is otherwise distinguishable from that of the appellee's circular. The appellant's form, while it consists of a single sheet of paper, is so folded as to give the general appearance of a four-page pamphlet. This pamphlet is a self-mailer; that is, it can be folded in such a manner that it may be mailed to the supplier without the necessity of placing it in a separate envelope. When so folded, the name "Adler Surgical Supply Co." prominently appears as the addressee.

■ The classification headings common to each of the trade circulars are "Pharmaceuticals," "Ointments," "Surgeons Blades & Handles," "Anesthesia-Syringes," and "X-rays and Accessories." These are common generic terms descriptive of products in the particular categories. The other classification headings employed by each of the parties, although dissimilar, are also cast in generic terms in common use in the surgical supply business. The terms are used in their primary sense and are therefore not susceptible of exclusive appropriation by either party. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 116, 117, 59 S.Ct. 109, 83 L.Ed. 73

(1938); Zimmerman v. B & C Motel Corporation, 401 Pa. 278, 163 A.2d 884, 886 (1960); Kool Vent Metal Awning Corp. of America v. Price, 368 Pa. 528, 84 A.2d 296, 298 (1951). However, the classification headings employed in the circulars of the respective parties are distinguishable both in general arrangement and in style of print.

The trade circulars are patently dissimilar not only in general appearance but in other important respects. Each is clearly and prominently marked as to source, with the name and address of the supplier.

The appellee's name, "Surgical Supply Service," appears once in distinctive type having an outline face against a solid shadowed background. In the current form the name and address is located between a picture of the appellee's showroom and a sketch of two hands clasped together; above the sketch is the phrase or slogan "Years of Service." A picture, apparently of someone connected with the appellee's business, appears on the reverse side of the circular. The pictorial illustrations were prominently featured in earlier editions of the form. A portion of the appellee's circular is devoted to text, usually in the form of news relating to its business and the practice of chiropody in general.

In the appellant's circular the name "Adler Surgical Supply" is in solid type and appears in three places, once across the top of the first page of the pamphlet and twice on the reverse side of the last page. When folded for mailing to the customer, the said reverse side forms the face on which the name of the appellant, as the addressor, appears in bold type. The face also bears the slogan, in distinctive style, "Compare and Buy!" When folded for return mailing, as hereinabove noted, the name of the appellant, as the addressee, is prominent.

■ The Trial Court found: (1) that appellant intentionally copied the order form of appellee in order to deceive customers into believing that they were doing business with appellee, while, in

fact, they were dealing with appellant; (2) that the similarity of the order forms was such that it was likely to create confusion in the minds of customers; and (3) that customers were, in fact, confused and deceived by the similarity of the order forms. We are of the opinion that the evidence as a whole, considered in the light most favorable to the appellee, was insufficient to support the findings.

■ The appellee argues that the findings may not be disturbed unless clearly erroneous. See Rule 52(a), 28 U.S.C.A. We do not agree that the "clearly erroneous" test is applicable on the present appeal. The findings of fact made by the trial court were based on a comparison of the exhibits, the uncontradicted testimony of a single witness, and the inferences drawn from the evidence. It has been uniformly held by this Court, and others, that under these circumstances the findings of fact are reviewable on appeal, free of the impact of the said rule. Sears, Roebuck and Co. v. Johnson, 219 F.2d 590, 591 (3rd Cir. 1955); Benrose Fabrics Corp. v. Rosenstein, 183 F.2d 355, 358 (7th Cir. 1950). Accord Merchants National Bank and Trust Co. v. United States, 246 F.2d 410, 417 (7th Cir. 1957), cert. den. 355 U.S. 881, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957), reh. den. 355 U.S. 920, 78 S.Ct. 339, 2 L.Ed.2d 280 (1958); In Re Kellett Aircraft Corp., 186 F.2d 197, 200 (3rd Cir. 1950); Orvis v. Higgins, 180 F.2d 537, 539, 540 (2d Cir. 1950), cert. den. 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595 (1950). The argument advanced by the appellee is without merit.

The Trial Court found as a fact that customers of the appellee "were confused and deceived" by the appellant's trade circulars. The record is devoid of probative testimony to support the finding. The only testimony was that of the appellee's Secretary-Treasurer, who frankly admitted that she could not recall any instance where a customer complained that he was confused by appellant's order form.[3] However, we recognize that proof of actual confusion is not essential to the appellee's cause of action.

■ The test of unfair competition under Pennsylvania law, as well as under federal law, is the probability of consumer confusion. Peters v. Machikas, 378 Pa. 52, 105 A.2d 708, 712 (1954); Stroehmann Bros. Co. v. Manbeck Baking Co., 331 Pa. 96, 200 A. 97, 98 (1938); Hiram Walker & Sons v. Penn-Maryland Corporation, 79 F.2d 836, 839 (2d Cir. 1935), cited with approval in the Stroehmann case; see also House of Westmore v. Denney, 151 F.2d 261, 265 (3rd Cir. 1945). The mere possibility that a customer may be misled is not enough. There is no dispute, nor can there be, that to establish a cause of action for unfair competition there must be proof of a likelihood that customers may be confused as to the source of the products. Ibid. The trial court found that there was such a likelihood, but we are convinced that the evidence in the record is clearly insufficient as a matter of law to support the finding.

We have heretofore alluded to the similarities and differences in the order forms. The similiarities were not in distinctive characteristics and were not likely to mislead even the most casual purchaser. The differences described were substantial and the prominence afforded them negatives any conclusion that the appellant's circulars would be likely to cause confusion in the minds of chiropodist customers to whom they were addressed. The particular class of customers to which the circulars were exclusively addressed must be credited with at least a minimum capacity for discrimination.

The judgment of the District Court below will be reversed and the action will be remanded with directions to vacate the injunction and to enter judgment for the appellant.

---

3. There were none of the appellee's customers called as witnesses, although they were apparently available in the area.