53 CCPA

## Application of HELENE CURTIS INDUSTRIES, INC.

### Patent Appeal No. 7620.

United States Court of Customs and Patent Appeals.

Aug. 4, 1966.

---

waving lotion and neutralizer therefor, suitable only for professional use in beauty parlors." The examiner rejected the application on prior registrations of "Elegance" and "Elegante," for use on "PERFUME, COLOGNE, BEAUTY DUST, AND CREME SACHET," issued to Avon Products, Inc.

While appellant concedes, and necessarily so, the similarity of the marks, it urges that the competing goods and the channels of trade are sufficiently different to prevent a likelihood of confusion.

In rejecting appellant's application the Trademark Trial and Appeal Board[1] stated:

> Considering therefore that applicant's waving lotion is not promoted to the general public and that the recipient of a permanent wave utilizing this lotion is not generally aware of the trademark, thereon, the patrons of beauty parlors would not ordinarily be familiar with applicant's mark and therefore would not have an opportunity to encounter the marks here involved on the respective goods of applicant and registrant. Hence, there might not be any opportunity for confusion by members of the general public. The question of likelihood of confusion under Section 2(d) of the statute is not, however, restricted to a determination as to whether or not only the general public is likely to be confused. We must consider other classes of purchasers, and in this case, the beauty parlor operators · and beauty supplies distributors. * * * In this regard, even assuming that the registrant may not at the present time be marketing its goods through beauty shops, the registrations are not so restricted nor are the goods of such nature that the registrant could not alter its channels of trade and sell the goods to beauty shops directly or through beauty supplies distributors. If and when the registrant may decide to fol-

L. D. Konigsford, Chicago, Ill. (Max Wall, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

Helene Curtis, Inc., seeks registration of "Eleganté" for use on "permanent

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. 143 USPQ 456.

low this cause of distribution, the goods of both parties would be known to the beauty parlor operators and distributors, and considering the substantial identity of the marks here involved, it is concluded that there is a reasonable likelihood that such purchasers would mistakenly assume that these goods originate with the same producer. The fact that applicant and registrant might use their house marks in connection with their product marks is of no moment herein. See: Frances Denny v. Elizabeth Arden Sales Corporation, 120 USPQ 480 (CCPA, 1959).

We have reviewed the record in light of appellant's allegations of error but find no reversible error in the proceedings below.

■■ Whether registrant will or will not alter its present sales patterns is purely a matter of conjecture, but admittedly an element to be weighed in matters of this nature. We do not give that factor controlling weight here, but in view of the competing marks and the obvious similarities in the goods involved, we think the board on the facts here properly rejected the application.

Affirmed.