PRESS PUBLISHING COMPANY, A DIVISION OF ABARTA CORP., A PENNSYLVANIA CORPORATION, t/a ATLANTIC CITY PRESS, PLAINTIFF-APPELLANT, v. ATLANTIC COUNTY ADVERTISER, INC., A NEW JERSEY CORPORATION, t/a ATLANTIC COUNTY ADVERTISER, MAX RAUCHWARG, HELEN RAUCHWARG, AND DAVE FALCIANO, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Argued October 13, 1971—Decided November 1, 1971.

*Mr. Chaim H. Sandler* argued the cause for plaintiff-appellant.

*Mr. David Jerchower* argued the cause for defendants-respondents.

PER CURIAM. Plaintiff prepared and published advertisements for local customers in its daily newspaper in Atlantic City. Defendants, a weekly shopping guide (and individuals connected with it) circulating in the same area, copied and published these advertisements for the same advertising customers in its publication at a later date. Plaintiff brought suit in the Chancery Division to enjoin the practice and for damages upon an accounting for profits.

The cause of action was grounded upon a claim of unfair competition in violation of state law, as well as a conten-

tion that defendants purposely interfered with rights under a rather ambiguous provision in the contract between plaintiff and each advertiser (quoted in full in the trial court's opinion) purporting to amount to an assignment to plaintiff of the advertiser's right, title and interest to all layouts of such advertisements and a declaration that, by reason thereof, the advertiser could not authorize photographic or other reproduction of the layout in any other publication without plaintiff's consent.

The trial judge dismissed the complaint, finding that there was no unfair competition as a matter of law, that the assignment was without legal efficacy as far as defendants were concerned and that any remedy plaintiff might have thereunder was against its advertising customers. 108 *N. J. Super.* 75 (Ch. Div. 1969). The Appellate Division affirmed "substantially for the reasons expressed" by the trial court. 113 *N. J. Super.* 228 (1971). Certification was granted. 58 *N. J.* 330 (1971).

The result reached in the lower tribunals is correct, but that result is more properly arrived at by a consideration of federal copyright law and supervening federal policy in relation to state law of unfair competition.[1]

It appears plain, since *Sears, Roebuck & Co. v. Stiffel Company*, 376 *U. S.* 225, 84 *S. Ct.* 784, 11 *L. Ed.* 2d 661, rehearing denied 376 *U. S.* 973, 84 *S. Ct.* 1131, 12 *L. Ed.* 2d 87 (1964), and *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 *U. S.* 234, 84 *S. Ct.* 779, 11 *L. Ed.* 2d 669, rehearing denied 377 *U. S.* 913, 84 *S. Ct.* 1162, 12 *L. Ed.* 2d 183

---

[1]Defendants' answer and pretrial contentions asserted that the advertising matter involved is in the public domain and that plaintiff's only protection is pursuant to federal copyright statutes which it had failed to exercise. The pretrial order included these issues. The trial court in its opinion made only the unclear statement that "[t]he advertising which appears in plaintiff's newspaper is not protected by federal copyright statutes." 108 *N. J. Super.* at 78. It is not clear whether the statement is intended to mean that the advertisements were copyrightable but had not been copyrighted by plaintiff or that these advertisements were not copyrightable by anyone.

(1964), that, as stated in *Compco,* "* * * when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8 of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain." 376 *U. S.* at 237, 84 S. Ct. at 782, 11 *L. Ed. 2d* at 672.

It may well be, despite statements of both counsel to the contrary at oral argument, that these advertisements were copyrightable. See *Nimmer on Copyright,* § 24.4 (1970). The sample thereof printed in the appendix arguably contains the elements of originality and creativity at least to the minimal degree required. *Cf. Surgical Supply Service, Inc. v. Adler,* 206 *F. Supp.* 564 (E. D. Pa. 1962), reversed on other grounds 321 *F. 2d* 536 (3rd. Cir. 1963).

The largely identical case of *Brattleboro Publishing Co. v. Winmill Publishing Corp.,* 369 *F. 2d* 565 (2d. Cir. 1966), holds that advertisements prepared by a newspaper for an advertising customer could not be copyrighted by the newspaper, but only by the advertiser, who is the owner thereof for such purpose, absent an agreement to the contrary. See also *Nimmer, supra,* § 24.41. In *Brattleboro,* the newspaper had purported to copyright its entire issue by the method prescribed by 17 *U. S. C. A.* § 20. The court held that a weekly pamphlet or direct-mail circular could nonetheless freely copy such advertisements in its publication, there being no contrary agreement between the newspaper and its advertisers.

 In the case at bar, the record indicates that plaintiff had not copyrighted its publication. If it had and the copyright validly covered the advertisements in question, its only remedy would have been a suit for infringement, which is committed to the exclusive jurisdiction of the federal courts. 28 *U. S. C. A.* § 1338. Labeling the cause of action as one for "unfair competition" will not confer state court jurisdiction if the facts alleged consist merely of the copy-

ing of a work for which a copyright has been obtained. *Nimmer, supra,* § 131.12, at p. 572.3 n. 42; *Field v. True Comics Inc.,* 89 *N. Y. S. 2d* 35 (Sup. Ct. 1949). There is no possible basis here for the application of unfair competition law permissibly remaining in the state based on "palming off" or other forms of misrepresentation or as it applies to secondary meaning cases.

■ Assuming that the advertisements were copyrightable and, for present purposes only, that the assignment of the advertisers' rights to plaintiff was valid and effective, these advertisements could have been, under the rationale of *Brattleboro,* copyrighted by plaintiff. Having failed to do so, it forfeited any rights to which it might have been entitled (see *Nimmer, supra,* § 146) and the advertisements were, as set forth in *Sears, Roebuck* and *Compco,* in the public domain by reason of federal policy and were properly copied by defendants without liability. The same result follows if the advertisements were not copyrightable by anyone. State unfair competition law could not validly dictate the contrary.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.