59 CCPA

**MEAD JOHNSON & COMPANY,**
Appellant,

v.

**AMERICAN HOME PRODUCTS CORP.,**
Appellee.

**Patent Appeal No. 8730.**

United States Court of Customs and Patent Appeals.

June 29, 1972.

Weil, Lee & Bergin, New York City, attorneys of record, for appellant; Alfred T. Lee, New York City, of counsel.

Mortimer Altin, New York City, attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition to the registration of TEMPURETS for "analgesic tablets" [2] lodged by appellant, registrant of TEMPRA for an "analgesic and antipyretic [(fever-reducing)] preparation." [3] We reverse.

Appellant applies TEMPRA to a medicinal product for the relief of pain and reduction of fever. While it has the same general utility as aspirin, it is composed of acetaminophen, an aspirin substitute. The drug is sold over the counter, and no prescription is required. It is marketed in syrup and drop form for infants and young children and in tablet form for older children and adults.

Appellee applies TEMPURETS to a drug having the same utility as TEMPRA, although appellee's product is an aspirin-based analgesic. Like TEMPRA, TEMPURETS are sold over the counter, without prescription, in dosages suitable for children.

The gist of appellant's opposition is that the contemporaneous use of TEMPRA and TEMPURETS on an analgesic for children marketed through essentially the same channels of trade on a nonprescription basis would be likely to cause confusion, mistake or to deceive and that registration of TEMPURETS should accordingly be refused under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). The board held to the contrary stating:

> [T]he marks "TEMPRA" and "TEMPURETS" are similar in that the first four letters thereof are identical. It is apparent, however, and opposer does not dispute, that these letters are suggestive of the fact that the products to which the marks are ap-

plied are indicated in the lowering of body temperatures, and, as further shown by the record in this case, they form the initial letters of a number of marks registered by third persons for medicinal preparations.

Considering the suggestiveness of the marks, and the substantial differences between them in sound and appearance, we are not persuaded that their contemporaneous use is reasonably calculated to cause confusion or mistake or to deceive.

On this appeal, appellee stresses that the board was correct in concluding that the common portion of the several marks is suggestive, that third-party registrations employing "TEMP" support that conclusion, that where the marks are suggestive of the goods, confusion is less likely, and that in any event, the marks "are not so similar as to be likely to lead to confusion." Appellant contends that the goods are directly competitive and that the marks are quite similar. Appellant does not believe that "TEMP" is particularly suggestive of any property of a drug.

We cannot agree with the board's decision in this case. While there are some differences in the sound and appearance of the respective marks, the overall impression is so similar that we find inescapable the conclusion that the ordinary purchaser of the goods would be likely to assume that they came from the same source. The distinction between the marks which immediately strikes the senses is the "e-t-s" suffix of TEMPURETS as compared to TEMPRA. However, that is a well-recognized suffix which connotes a diminutive version of the base word.[4] If the ordinary purchaser of a non-prescription children's aspirin would consider the marks by which two analgesics of dif-

1. Result reported at 163 USPQ 494 (1969).

2. Application Serial No. 256,182, filed October 11, 1966, and alleging as a date of first use in commerce September 16, 1966.

3. Registration No. 651,411, issued on September 10, 1957.

4. See, e. g., Webster's Third International Dictionary (1966) which defines "et" as "*n suffix* * * * small one: lesser one * * *."

ferent composition but common utility to be related, as we think he would, it would follow that he would probably assume them to be derived from the same source.

We do not agree that "TEMP" is necessarily suggestive of the fever-reducing function of a children's aspirin or aspirin-substitute. We find more persuasive appellant's position that it may relate to so many concepts that no single suggestion emerges. However, even were it suggestive of the contended function, we would still be convinced that a purchaser aware of that common utility would be likely to erroneously conclude that the products came from the same source.

For the reasons stated, we hold that there would be a likelihood of confusion stemming from the contemporaneous use of TEMPRA and TEMPURETS on the respective drugs, and the opposition should have been sustained. The view we take of this case renders unnecessary any consideration of certain alternative arguments advanced by appellant.

The decision of the board is reversed.

Reversed.