**CONSOLIDATED CIGAR CORPORATION, Appellant,**

v.

**M. LANDAW LIMITED, Appellee.**

**Patent Appeal No. 8888.**

United States Court of Customs and Patent Appeals.

March 29, 1973.

William R. Liberman, New York City, of record, for appellant.

J. W. Gipple, Fleit, Gipple & Jacobson, Washington, D. C., of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Associate Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, 167 USPQ 372 (1970), involving the application of M. Landaw Limited, appellee, to register "LITTLE DUTCHMAN" for cigars, asserting first use in 1963, and the opposition thereto by Consolidated Cigar Corporation, appellant, registrant of marks consisting of or comprising the term "DUTCH MASTERS" for cigars.[1]

Inasmuch as appellant's registrations long antedate appellee's application and the goods of the parties are identical in kind, the board considered the sole issue

---

1. Reg. Nos. 232,114 issued August 30, 1927 and 502,797 issued October 12, 1948.

to be whether or not the resemblances between the marks in issue are such as would be likely to cause confusion or mistake or to deceive within the purview of 15 U.S.C. § 1052(d).

In dismissing the opposition, the board held that the contemporaneous use of the marks is not likely to cause confusion or mistake or to deceive inasmuch as LITTLE DUTCHMAN and DUTCH MASTERS do not look or sound alike and create different mental impressions.

Appellant argues, with merit we think, that the board erred in deciding that if the mark LITTLE DUTCHMAN were to be used on products identical with those on which DUTCH MASTERS has been used for more than forty years, confusion, mistake or deception was "not at all likely." A weighty aspect is the undisputed fact that appellant alone owns and has used a mark incorporating the word "Dutch" in the cigar field. We think this long, uninterrupted use must have made a strong impression on the cigar-smoking public. To those who habitually call for DUTCH MASTERS, the appearance of LITTLE DUTCHMAN cigars at the vending source would more than likely connote and convey the impression that they derive from the same source, thus causing confusion, mistake or deception.

It is to be observed that the more prominent part of appellant's mark is the word "DUTCH." Similarly, the word "DUTCH" forms, in our view, the most prominent part of appellee's mark. When DUTCH MASTERS is compared with DUTCHMAN, we think there is little doubt that the conclusion most likely to be drawn is that they designate different cigars from the same source. The inclusion of the word "LITTLE" in appellee's mark does not alter this view. The word itself is descriptive and alone has no trademark significance.

Therefore, the composite mark LITTLE DUTCHMAN viewed in its entirety, we think, suggests that it designates a cigar, perhaps a small or mild one, emanating from the same source as the DUTCH MASTERS cigar. This is a sufficient basis for denying registration of appellee's mark. See Mead Johnson & Co. v. American Home Products Corp., 461 F.2d 1381, 59 CCPA 1082 (1972).

In light of the facts and circumstances revealed by this record, we are of the opinion that the board committed reversible error in holding that the contemporaneous use of the marks in issue is not "at all likely to cause confusion or mistake or to deceive." In our view, contemporaneous use would be likely to cause confusion, or to cause mistake, or to deceive. The decision of the board is *reversed*.

Reversed.