**BILL RIVERS TRAILERS, INC.,**
Appellant,

v.

**THERMO KING CORPORATION,**
Appellee.

**Patent Appeal No. 8952.**

United States Court of Customs
and Patent Appeals.
May 24, 1973.

Edward G. Fenwick, Jr., Mason, Fenwick & Lawrence, Washington, D. C., attorneys of record, for appellant.

Arthur S. Caine, Minneapolis, Minn., William T. Bullinger, Washington, D. C., attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, 168 USPQ 126 (1970), which granted appellee's petition to can-

**1244**

cel appellant's registration No. 741,977, issued December 11, 1962, for:

Mechanical Refrigeration And Air Conditioning Units For All Types Truck-Trailers, Containers, Automobiles And Trucks, And Commercial Type Freezers And Coolers * * *.

We affirm that decision.

Appellant's registered mark, which claims a date of first use in commerce on October 18, 1961, is shown below:

[A7529]

Appellee's petition to cancel under 15 U.S.C. § 1064, filed November 13, 1967, is based upon a claim that it will be or is being damaged as the user of the marks THERMO KING [1] and THERMO KING plus shield [2] which were registered for "self contained temperature control units adapted for connection to industrial enclosures such as transport vehicles, cabinets, and the like, said units being adapted to refrigerate and/or heat the space therein to preserve perishable products in transit, and for air conditioning for passenger and/or driver comfort in buses, truck cabs, automobiles, and the like."

Appellant does not challenge the board's finding that the goods sold under the respective marks are substantially identical and that appellee is entitled to priority based on continuing use of its mark since 1938. Accordingly, the only issue to be determined is whether the board erred in granting the petition to cancel appellant's registration because the resemblances between the two marks are such that concurrent use would be likely to cause confusion or mistake or to deceive.

The board, in granting the petition to cancel the registration, had this to say:

Respondent also argues that in determining the issue presented herein consideration must be given to the fact that the mark disclosed in its registration is a composite one. On the other hand the term "ZERO KING", which is visually the most prominent feature of the mark, creates a commercial impression separate and apart from the letters "BR", and, such being the case, if this term is found to be confusingly similar to petitioner's mark ".THERMO KING", then respondent's mark in its entirety must be so regarded.

In this regard, while the literal meanings of the word "THERMO" and "ZERO" are dissimilar, when used in association with the word "KING" for transport refrigeration equipment, they impart to the marks as a whole a somewhat similar, if not readily definable, suggestive connotation. On the record presented in this case, we entertain considerable doubt that the marks here involved can be contemporaneously used for the specific goods without a likelihood of confusion, mistake or deception, and such doubt must be resolved in favor of petitioner, the prior user.

It is, of course, appellant's contention that concurrent use of the marks in question is not likely to cause confusion, mistake or deception. It argues that the board should have considered the mark THERMO KING to be a weak one and entitled to a limited scope of protection. As proof of this, appellant cited numerous existing third-party registrations using the words "Thermo" and "King" and particularly relies upon the latter since KING is the word common to both marks.

Appellant also asserts that the board improperly dissected its mark and did

---

1. Reg. No. 522,496, issued March 21, 1950, and Reg. No. 800,606 issued December 21, 1965.

2. Reg. No. 723,859 issued November 14, 1961.

not consider the marks as a whole. In its view, the prefatory portion $\frac{B}{R}$ is legible and clear, would be seen by a purchaser, and "obviously refers to Bill Rivers."

Appellant also protests that, contrary to the board's opinion, ZERO and THERMO have substantially different meanings which impart to the respective marks distinct commercial impressions which would mitigate against likelihood of confusion. To demonstrate this, it cited the following definitions from "Webster's Seventh New Collegiate Dictionary" 1963:

THERM on page 916
"any of several units of quantity of heat, heat"

ZERO on page 1039
"The temperature represented by the zero mark on the thermometer; the lowest point".

■■■ We have carefully considered appellant's arguments but are not persuaded that the board committed reversible error. In the first place, the board noted, and we agree that the record shows that goods sold under appellee's marks have enjoyed sales amounting "to many millions of dollars." Expenditures for promotion of this mark between 1958 and 1967 exceeded $5,000,000. We consider this to be evidence of the real significance of the THERMO KING trademark in the market place that is more than adequate to rebut any inference of weakness raised by third-party registrations. We have frequently said that third-party registrations are entitled to little weight in evaluating whether there is likelihood of confusion. See AMF, Inc. v. American Leisure Products, Inc., 474 F.2d 1403 (CCPA 1973) and cases cited therein.

Furthermore, we cannot agree with appellant's assertions regarding the $\frac{B}{R}$ portion of the trademark. That it "obviously refers to Bill Rivers" is an untenable argument as the mere initials in no way suggest the name or ownership

by Bill Rivers. More importantly, the initials do not impart to the mark, when it is viewed as a whole, any impression that its ownership would be different from that of THERMO KING.

We also find ourselves in agreement with the board's interpretation of the significance of the terms THERMO and ZERO. We do agree with appellant that the words can have different meanings, but we are of the opinion, that both have a suggestive connotation when applied to transport refrigeration equipment since both relate to temperature. This relationship plus the fact that both are used with KING convince us that a purchaser would be likely to erroneously conclude that the products bearing those marks come from the same source. At most, the differences in the marks when the marks are viewed in their entireties suggest a related product from the same source. See Mead Johnson & Co. v. American Home Products Corp., 461 F. 2d 1381, 59 CCPA 1082 (1972) and Consolidated Cigar Corp. v. M. Landaw Ltd., 474 F.2d 1402 (CCPA 1973).

Appellant has argued in its brief that appellee should have a greater burden of proof to meet before its petition to cancel is granted since it actually knew of appellant's use of the mark at a time when it could have opposed registration. Instead, appellee waited until the five-year period for cancellation had nearly expired before filing its petition. This is essentially an equitable argument and does not, we think, point out sufficient inequity to merit reversing the board. In this regard, we have considered the fact that appellant was formerly an outlet for appellee's goods in Florida and was, therefore, fully aware of the existence of the trademark THERMO KING when it adopted the mark for which cancellation has been sought. Therefore, for the reasons we have indicated above, we hold there would be likelihood of confusion arising from concurrent use of the marks $\frac{B}{R}$ ZERO KING and THERMO KING on the respective products.

Accordingly, the decision of the board is affirmed.

One other matter merits our attention. Both at oral argument and in a paper filed after oral argument, appellee's attorney has sought to bring to our attention that appellant's attorney has made arguments in another forum on another case inconsistent with those made here. Assuming this to be true, we wish to point out that this is totally irrelevant to this case and played no part in our decision.

Affirmed.