**CONSOLIDATED CIGAR CORPORA-TION, Appellant,**

v.

**R. J. REYNOLDS TOBACCO COM-PANY, Appellee.**

**Patent Appeal No. 9126.**

United States Court of Customs and Patent Appeals.

Feb. 28, 1974.

**1266**

---

William R. Liberman, New York City, attorney of record, for appellant.

R. Bradlee Boal of Cooper, Dunham, Clark, Griffin & Moran, New York City, attorney of record, for appellee.

Before MARKEY, C. J., and RICH, BALDWIN, LANE and MILLER, JJ.

MILLER, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 174 USPQ 192 (1972), dismissing the opposition of appellant, Consolidated Cigar Corporation, to the registration [1] by appellee, R. J. Reynolds Tobacco Company of "DUTCH APPLE" for smoking tobacco. We affirm.

The sole issue is whether the board erred in holding that the use of the

marks for their specified products is not likely to cause confusion or mistake, or to deceive, within the meaning of 15 U. S.C. § 1052(d).

Appellant is the owner of registrations of "DUTCH MASTERS" for cigars.[2] The board found continuous use by appellant long antedating appellee's alleged first use on April 8, 1970. It also found that the goods of the parties are such as a single producer might well be expected to make.

During the deposition proceedings, appellee introduced five exhibits, which were identified by its witness (one of appellee's house counsel), namely: a tin of pipe tobacco ("Flying Dutchman") bearing a label "Walgreens Discount Price," a copy of the September, 1971, issue of *Playboy* magazine containing a full-page advertisement for "Flying Dutchman" pipe tobacco similar in appearance to the tin of pipe tobacco, a cigar five-pack ("Dutchman's Dream"), another cigar five-pack ("Pennsylvania Dutchman"), and a package of pipe tobacco (Nat Sherman Co. "Dutch Roll"). Appellant's counsel objected to the questions and answers relating to all but the *Playboy* advertisement as being outside the scope of the pleadings, as based on hearsay, and as improperly presented and authenticated as to source. The only response in the board's opinion is that the testimony was "for the sole purpose of establishing that others in the tobacco trade have adopted and are using marks including the word "DUTCH" in connection with the sale of their goods."

In its Notice of Opposition, appellant alleged that the mark "DUTCH APPLE" is so similar and nearly identical to its mark "DUTCH MASTERS" as to be likely to lead to and cause confusion and mistake in the mind of the purchasing public and to deceive the purchasing public as to the source or origin or sponsorship of the smoking tobacco products

---

1. Application No. 356,582, filed April 13, 1970.

2. Registration Nos. 502,797, issued October 12, 1948, and 232,114, issued August 30, 1927.

of appellee. Inasmuch as the objected-to questions and answers were for the purpose indicated by the board, (and not to attack the validity of opposer's registrations), they were not only within the scope of the pleadings, but bore directly on appellant's principal allegation. We agree with appellant that most of the questions elicited responses which amounted to hearsay. However, the exhibits, which were admissible, speak for themselves, especially the *Playboy* advertisement and Walgreens label clearly showing public sale of "Flying Dutchman" pipe tobacco.

■ Although the board found that the goods of the parties are such as a single producer might well be expected to make, it does not automatically follow that the purchasers of appellee's *pipe tobacco* might well be confused and think that appellant, the producer of *cigars,* was the source. We are thus presented with a different situation from that in Consolidated Cigar Corporation v. M. Landaw, Limited, 474 F.2d 1402 (CCPA 1973), where we expressed the view that the mark "LITTLE DUTCHMAN" (sought to be registered for cigars) "suggests that it designates a cigar, perhaps a small or mild one, emanating from the same source as the DUTCH MASTERS cigar." Cf. Consolidated Cigar Corporation v. Liverant, 106 USPQ 333 (Asst. Com'r. of Patents 1955).

Appellant argues that the word "MASTERS" is not the dominant portion of its mark and says that the board has already so held in Consolidated Cigar Corporation v. Liggett & Myers Tobacco Company, 137 USPQ 483 (TTAB 1963). We do not so read the holding in that case, but in the *Landaw* case the court said of "DUTCH MASTERS" that "It is to be observed that the more prominent part of appellant's mark is the word 'DUTCH.'" However, this would not mean that the word "MASTERS" is unimportant. Indeed, the visibility given the reproduction of the painting depicting Dutch Masters, "The Syndics of Cloth Hall," with which "DUTCH MASTERS" is associated in advertising and packaging of the product, compels the conclusion that appellant's good will, resulting from many years of widespread advertising and sales, attaches to the entire mark it has continuously used—"DUTCH MASTERS."

Considering appellant's mark as a whole, it is apparent that it suggests both a geographical area or an ethnic association and a masterful product (cigars). Appellee's mark, on the other hand, suggests both the same geographical area or ethnic association and an apple-flavored product (smoking tobacco), which is clearly dissimilar in meaning to a masterful product. Appellee states that it is the owner of registration No. 869,284, which is supported by the record, and that this is for "APPLE," which is not supported by the record. However, this does not materially affect our appraisal of the board's findings.

Contrary to appellant's contention, the board did not, in effect, "downgrade" the "DUTCH" portion of appellant's mark. It considered the respective marks in their entireties, as required by 15 U.S.C. 1052(d), found that they differ substantially in both sound and appearance and that the connotations thereof are distinctly different, and reached its decision which, in view of the foregoing and in consideration of the entire record, we hold has not been shown to have been erroneous.

The decision is *affirmed.*

Affirmed.