SARAH COVENTRY, INC.,
Plaintiff-Appellant,

v.

T. SARDELLI & SONS, INC.,
Defendant-Appellee.

No. 75–1199.

United States Court of Appeals,
First Circuit.

Dec. 4, 1975.

John R. Schovee, Rochester, N. Y., with whom Schovee & Boston, P. C., Rochester, N. Y., George M. Vetter, Jr., and Hinkley, Allen, Salisbury & Parsons, Providence, R. I., were on brief, for plaintiff-appellant.

Herbert B. Barlow, Jr., Providence, R. I., with whom Barlow & Barlow, Provi-

dence, R. I., was on brief, for defendant-appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from a decision of the district court, *Sarah Coventry, Inc. v. T. Sardelli & Sons, Inc.*, D.R.I., 1975, 392 F.Supp. 347, that refused to overturn the dismissal by the Trademark Trial and Appeal Board, 179 U.S.P.Q. 630, of an opposition to the application filed by appellee T. Sardelli & Sons, Inc., to use SARDE as a trademark for jewelry for personal wear and adornment. Appellant opposer, Sarah Coventry, Inc., manufactures and markets essentially identical jewelry, for which it uses the mark SARAH.

The sole issue before the Board was the likelihood of confusion arising from the use of both marks. 15 U.S.C. § 1052(d). The Board, correctly, in our opinion, rejected appellee's argument that the difference between the parties' marketing channels precluded confusion. The fact that goods are not sold side by side does not mean that a purchaser may not ascribe them to a common source, *see In re Helene Curtis Indus., Inc.*, 1966, 363 F.2d 936, 54 C.C.P.A. 1482, let alone that a trade practice may not be changed. *See Luzier Inc. v. Marlyn Chem. Co.*, 1971, 442 F.2d 973, 58 C.C.P.A. 1237. The Board also dismissed as an "exercise in futility" opposer's attempt to demonstrate by oral testimony that an appreciable number of buyers might pronounce both words in an essentially similar manner and thereby be confused. It found that visually the two words were not confusingly similar.

Opposer's notice of appeal to the Court of Customs and Patent Appeals was met by a notice of election filed by appellee under 15 U.S.C. § 1071. In accordance with this provision opposer then instituted the present proceedings in the district court. We first consider the standard of review to be applied by the district court, with supplemental observations as to our own.

The district court ruled that the Board's finding as to likelihood of confusion must be accepted unless the contrary is established by evidence carrying "thorough conviction." Opposer urges that its burden in the district court should in no event be greater than what it would have been in the Court of Customs and Patent Appeals, claiming that that court would exercise a more independent judgment, *see, e.g., Mead Johnson & Co. v. American Home Products Corp.*, 1972, 461 F.2d 1381, 59 C.C.P.A. 1082, than a district court normally does in reviewing an administrative body, *e.g., Cummington Preservation Committee v. FAA*, 1 Cir., 1975, 524 F.2d 241. We see some plausibility to that contention, if there be a difference, but we see none in opposer's argument that the district court proceeding was a trial "de novo," in spite of the fact that some courts have loosely used this language. *See, e.g., Esso Standard Oil Co. v. Sun Oil Co.*, 1956, 97 U.S.App.D.C. 154, 229 F.2d 37, 38–39, 40, 42, *cert. denied*, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491; *Aloe Creme Labs., Inc. v. Texas Pharmacal Co.*, 5 Cir., 1964, 335 F.2d 72, 74. The statute provides that evidence may be taken de novo, not that the district court is to ignore the decision of the Board.

We would draw certain distinctions. In the district court there was a substantial burden on opposer, whether or not expressed in terms of clear error, to overcome the Board's purely evidentiary findings. *Morgan v. Daniels*, 1894, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657; *Esso Standard Oil Co. v. Sun Oil Co.*, ante; *Aloe Creme Labs., Inc. v. Texas Pharmacal Co.*, ante. This applied, for example, to the Board's discrediting opposer's evidence as to an alleged similarity in the pronunciation of the two words. Instead of being persuaded, however, the district court found opposer's evidence "unimpressive." We see no reason to disturb that factual finding.

On the other hand, opposer claims that the Board's conclusion that visually the words presented no likelihood of confusion was a question of law, as to which

the district court, and we, should be entirely free to reverse. *Cf. Baker v. Simmons Co.*, 1 Cir., 1962, 307 F.2d 458, 464–65; *Sears, Roebuck & Co. v. Johnson*, 3 Cir., 1955, 219 F.2d 590, 591; *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 9 Cir., 1963, 314 F.2d 149, 152, *cert. denied*, 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053. If this were a pure question of law, that would be so. *DeCosta v. Columbia Broadcasting System, Inc.*, 1 Cir., 1975, 520 F.2d 499. However, we regard it, at best, as a mixed question of law and fact.

■ It is true, as opposer points out, that in *Baker v. Simmons*, ante, 307 F.2d, at 465, we quoted Judge Frank's majority opinion in *Eastern Wine Corp. v. Winslow-Warren, Ltd.*, 2 Cir., 1943, 137 F.2d 955, at 960, *cert. denied*, 320 U.S. 758, 64 S.Ct. 65, 88 L.Ed. 452, to the effect that where a decision is based "solely on the names themselves," a reviewing court "is in as good a position . . . to determine the probability of confusion" as was the district court. This statement is true, of course, as far as it goes. Nonetheless, it does not in any way detract from the wise policy of showing certain deference to the Board, which is routinely entrusted with deciding such issues. Furthermore, with respect to factual findings, including inferences, we no longer, if we ever did, recognize this statement as setting a standard of review for appellate courts. F.R.Civ.P. 52(a) is to be applied in all cases, regardless of the form of the record. *See Merrill Trust Co. v. Bradford*, 1 Cir. 1974, 507 F.2d 467, 468; *Leach v. Crucible Center Co.*, 1 Cir., 1968, 388 F.2d 176, 179.

■ This is not to say that a civil court may not rely more heavily on its own judgment in reviewing those administrative decisions which do not require highly specialized expertise, *see Gold Seal Co. v. Weeks*, D.D.C., 1955, 129 F.Supp. 928, 933, *aff'd, per curiam, sub nom. S. C. Johnson & Son, Inc. v. Gold Seal Co.*, 97 U.S.App.D.C. 282, 230 F.2d 832, *cert. denied*, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50, or in any case where there is no issue of credibility of a live witness. *See Custom Paper Products Co. v. Atlantic Paper Box Co.*, 1 Cir., 1972, 469 F.2d 178. So, too, we may consider the fact that, as here, the burden of proof was upon appellee.[1] But all of these are supplemental matters, not changing the principle that our sole duty is to find error, vel non, and not to substitute our own factual conclusions simply because we may think them preferable. A contrary rule, even though limited to drawing inferences when the evidence is in documentary form, or undisputed, *see, e.g., Surgical Supply Service Inc. v. Adler*, 3 Cir., 1963, 321 F.2d 536, seems inconsistent with our basic judicial structure, and at best encourages appeals at the expense of another important principle, the need for finality. *See C.A. Wright, Law of Federal Courts, 2d ed. 1970, p. 431.*

■ On the merits, we find no error. Although the first three of the parties' five letters are the same, the last two are substantially different. SARAH is a common proper name, and SARDE distinctly uncommon. They do not suggest each other. In the absence of any credited testimony to the contrary, moreover, we would expect not only the second syllables, but also the first, to be pronounced differently—SĀRAH as distinguished from SÄRDE. We are not called upon to decide whether there are sufficient similarities so that, had the Board's decision been in opposer's favor, we might have let it stand, as we are not, in any event, tempted to reverse the decision against it.

The judgment of the district court is affirmed. At the same time, we note that this case deals with the registration of a word as such, and not some distinctive form thereof. Although both the opposer and the applicant use their marks in script form, registration of

---

1. Appellant's mark was earlier in time. *E.g., United States Time Corp. v. Tennenbaum,* 1959, 267 F.2d 327, 46 C.C.P.A. 895.

SARDE will in no way bar an unfair competition suit should Sardelli modify[2] its script form to resemble more closely that of Sarah Coventry.

2. It may well be that the action is res judicata as to dissimilarity of the parties' present scripts. *Cf. Phillips Petroleum Co. v. C. J. Webb, Inc.*, 1971, 442 F.2d 1376, 58 C.C.P.A. 1255.