NOAH'S, INC., Appellant,

v.

NARK, INC., Appellee.

NOAH'S, INC., Appellee,

v.

NARK, INC., Appellant.

Nos. 83–1544, 83–1610.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1984.

Decided March 6, 1984.

H. Robert Henderson, Des Moines, Iowa, for appellant.

Thomas M. Ferrill, Jr., Fort Washington, Pa., for appellee.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Since 1950 plaintiff Noah's, Inc. has operated a restaurant in Des Moines, Iowa under the name "Noah's Ark Ristorante." Since 1967 defendant Nark, Inc. has operated a restaurant in St. Charles, Missouri under the name "Noah's Ark." In 1969 Noah's filed an application with the Patent and Trademark Office for a territorially unrestricted registration of "Noah's Ark" as a service mark for restaurant services. Nark filed an opposition to Noah's applica-

tion. Later, in 1972, Nark filed applications for registration of the mark "Noah's Ark" for restaurant services and for franchising services. In 1974 the Patent and Trademark Office ordered the dispute changed to a concurrent use proceeding. Seven years later, in 1981, the Trademark Trial and Appeal Board rendered its decision. Nark, Inc. v. Noah's, Inc., 212 U.S.P.Q. (BNA) 934 (1981). It held that Noah's is entitled to federal registration rights limited geographically to the area within a twenty-mile radius of Des Moines and that Nark is entitled to a concurrent use registration for the rest of the United States, with limited geographical exceptions to protect third parties already operating local restaurants under the mark "Noah's Ark."

Noah's appealed the decision of the Board to the Court of Customs and Patent Appeals. Nark then filed an election to have the case proceed in federal district court as provided in 15 U.S.C. § 1071(a) and (b), and Noah's consequently filed a civil action in the United States District Court for the Eastern District of Missouri seeking reversal of the Board's decision. Nark counterclaimed for injunctive and other relief. The case was tried to the District Court sitting without a jury. After considering the pleadings, the decision of the Board, additional evidence introduced by the parties, and the stipulations of the parties, the District Court made findings of fact and conclusions of law and entered an order and memorandum opinion sustaining the decision of the Board but enlarging Noah's registration rights to include the entire state of Iowa. Judgment was entered for Noah's on Nark's counterclaim. Noah's appeal and Nark's cross-appeal are taken from the judgment of the District Court.

We have carefully studied the record, including the decision of the Board, the order and opinion of the district court, and the briefs and the arguments of the parties to this action. We find no merit to the arguments for reversal of the decision below in any respect and accordingly affirm pursuant to Rule 14 of the rules of this Court on

the basis of the District Court's well-reasoned opinion.[1]

---

1. *Noah's, Inc. v. Nark, Inc.*, 560 F.Supp. 1253 (E.D.Mo.1983).