## HAR–BUR ASSOCIATES

v.

## DOCKTOR PET CENTERS, INC.

### Civ. A. No. 86–2423.

United States District Court,
E.D. Pennsylvania.

Nov. 4, 1986.

John J. Rendemonti, Philadelphia, Pa., for plaintiff.

Alan H. Bernstein, Max Goldman, Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., Philadelphia, Pa., for defendant.

## MEMORANDUM/ORDER

LUDWIG, District Judge.

Defendant Docktor Pet Centers, Inc. moves to strike plaintiff Har–Bur Associates' demand for jury trial. Fed.R.Civ.P. 38. An order denying the motion will be entered.

This action was brought under the Lanham Trade–Mark Act, § 21(b)(1), 15 U.S.C. § 1071(b)(1), which provides that an applicant for registration of a trademark who is "dissatisfied with the decision of the Commissioner or the Trademark Trial and Appeal Board" of the U.S. Patent Office may either appeal to the Court of Appeals for the Federal Circuit or may—

> have remedy by a civil action.... The court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matters as the issues in the proceeding require, as the facts in the case may appear. Such adjudication shall authorize the Commissioner to take any necessary action, upon compliance with the requirements of law.

Initially, plaintiff sought to register the trademark "Dr. Pup"—under which it marketed a chocolate soft drink for dogs. Defendant, which sells, under its marks, a chocolate-flavored vitamin concentrate for dogs, opposed the registration. The Board refused the registration application, finding that a reasonable likelihood of confusion would exist as to the source of the two products. This action followed, and the complaint demanded jury trial.

Plaintiff argues that the Seventh Amendment guarantees the right to jury trial in a trademark case of this type because, historically, the issues—property interest in a mark and likelihood of confusion—were triable by a jury as matters at law.[1] Defendant, on the other hand, argues that since this action is an appeal from the decision of an administrative agency and money damages are not involved, the action sounds in equity; consequently, there is no entitlement to a jury.

I do not believe plaintiff is entitled to a jury trial for the following reasons:

1. Registration of trademarks is a creature of Congress and did not exist at common law.

2. Under 15 U.S.C. § 1071(b), an action to review the decision of the Trademark Trial and Appeal Board denying registration of a trademark is a special statutory proceeding. *Besuner v. Faberge, Inc.,* 379 F.Supp. 278 (N.D.Ohio 1974).

3. The § 1071(b) review is "often called a *de novo* review because new evidence may be introduced. A more apt description, however, ... [is] 'unique' because the record below, as well as new matters, may be introduced as evidence. Unlike a *de novo* proceeding, findings of fact made by

---

1. See Fed.R.Civ.P. 38: "Jury Trial of Right, (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

the Trademark Trial and Appeal Board are given great weight and are not upset unless new evidence is introduced 'which in character and amount carries through conviction.'" *Schmidt v. Quigg,* 609 F.Supp. 227, 228 (E.D.Mich.1985) (citations omitted). *See Noak's, Inc. v. Nark, Inc.,* 728 F.2d 410 (8th Cir.1984); *American Heritage Life v. Heritage Life Ins. Co.,* 494 F.2d 3 (5th Cir.1974).

This kind of review, although designated a civil action by the statute, is not compatible with the determination of fact issues by a jury. In a jury trial, the jury is the sole finder of the facts, and it does not perform an appellate or reviewing function as to previously decided issues.

4. The use of "adjudication" in § 1071(b), in describing the court's function, ordinarily is associated with a nonjury determination. *E.g.,* Pa.R.C.P. 1517, relating to adjudications in equity.

5. The predecessor of the civil action under § 1071(b) was a bill in equity under 35 U.S.C. § 63. *See, e.g., Century Distilling Co. v. Continental Distilling Co.,* 106 F.2d 486 (3d Cir.1939).

6. At present, it is unclear whether the issue of likelihood of confusion is a question of fact, as plaintiff contends, or is a mixed question of law and fact. See *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423 (7th Cir.1985), *cert. denied,* 475 U.S. 1147, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1986); *Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423 (Fed.Cir.1984); *Sarah Coventry, Inc. v. T. Sardelli & Sons, Inc.,* 526 F.2d 20 (1st Cir.1975), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2626, 49 L.Ed.2d 374 (1976). ·

But even if a likelihood of confusion is purely or primarily a fact question for the fact finder in a common law proceeding, *see, e.g., Exxon Corp. v. Exxene Corp.,* 696 F.2d 544 (7th Cir.1982), that does not necessitate a jury trial in a statutory scheme for the review of administrative determinations addressing the same type of issue. There is a well settled distinction between statutory or administrative proceedings in which the Seventh Amendment is not implicated and suits at common law or proceedings in

the nature of these suits in which the right to jury trial is preserved. *Atlas Roofing Co. Inc. v. OSHRC,* 430 U.S. 442, 92 S.Ct. 1261, 51 L.Ed.2d 464 (1977); *Myron v. Hauser,* 673 F.2d 994 (8th Cir.1982).

I do not believe Congress intended § 1071(b) to include the right to jury trial or that such result is required.